BENJAMIN JACOBSON, Plaintiff, *v.* ROSE JACOBSON, Defendant.

Supreme Court, Kings County, May, 1923.

**Husband and wife — divorce — decree awarding children to father — when wife's motion to compel him to take them granted.**

Where in a husband's action for divorce he by the interlocutory judgment granted December 19, 1922, and also by the final judgment granted March 21, 1923, was awarded the custody of the children, a boy eight years of age and a girl, aged three, but has not seen fit to assert his right to possession and the children have since the interlocutory judgment remained in the custody of their mother, a motion by her for an order requiring the father to assume the custody of the children, based upon the mother's affidavit that the father has neglected and refused to take the children or to provide for their support, will be granted.

The children, if the father still persists in declining to accept custody of them, will be committed to a proper institution at his expense, by an order of the court upon the filing of the mother's supplemental affidavit.

MOTION to compel father to accept custody of his children.

*Nathan Tolk,* for plaintiff.

*George G. Schechter,* for defendant.

BENEDICT, J.  Of the many motions in matrimonial cases that I have listened to, this one is the most remarkable.  The husband brought suit for absolute divorce against the wife, and, in the complaint, asked to be awarded the custody of their two children, a boy aged eight and a girl aged three.  The action was not defended by the wife; and on December 19, 1922, this court granted an interlocutory judgment in favor of the husband and awarded to him the custody of these children.  On March 21, 1923, final judgment dissolving the marriage relation of the parties was granted to the husband in and by which also the custody of the children was given to him.  Notwithstanding the fact that since December 19, 1922, the husband has been entitled to such custody, he has not seen fit to assert his right of possession then granted and the children have remained in the custody of the wife and mother.

She now moves for an order requiring the husband to assume the custody of the children; and she states that he has neglected and refused to take the children or to provide for their support, although she has offered their custody to him.  The duty of supporting the children is concurrent with the right of custody.  Whatever may be the motive which prompts this mother to give up the possession of her infant children — whether it be poverty or a desire to be rid of the incumbrance — it is immaterial, exactly as it is immaterial what the motive of the father is in refusing to accept them after seeking their custody by means of the action.  The motion should

be granted. If the father persist in declining to accept their custody, they will be committed to a proper institution at the father's expense by order of this court on filing a supplemental affidavit verified by the mother.

Ordered accordingly.